Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3336 | **DATE** | 11/25/2003 |
| **CASE TITLE** | Nahhas vs. Ridge, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons given in the attached memorandum opinion, Defendants' Motion to Dismiss [Doc. 9] is granted in part and denied in part. The parties are ordered to submit simultaneous briefs on the issue of Defendant Zerbe's immunity by December 16, 2003. Status hearing set for January 21, 2004 at 9:00 a.m. on the briefed issue.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 12 |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JESUSA ESCAMILLA NAHHAS, )
WILLIAM AYOUB NAHHAS )
) No. 03 C 3336
Plaintiffs, )
) HONORABLE DAVID H. COAR
v. )
)
TOM RIDGE, et al., )
)
)
Defendants. )

DOCKETED
DEC 0 1 2003

## MEMORANDUM OPINION AND ORDER

On May 21, 2003, Plaintiffs Jesusa Nahhas and William Nahhas filed a three-count Complaint in this Court. Counts I and II of the Complaint allege that Jesusa Nahhas was denied her rights to equal protection and due process when her application to obtain a permanent resident visa for her husband was denied. Count III of the Complaint seeks habeas corpus review of the decision to deny him an adjustment of status. The Complaint named as Defendants: Tom Ridge, Secretary of the Department of Homeland Security; Donald Monica, Regional Director of the Bureau of Citizenship and Immigration Services; and Craig M. Zerbe, Immigration Judge. On October 17, 2003, the Defendants moved to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The Motion has been fully briefed and is now ripe for decision.

### FACTS AND PROCEDURAL HISTORY

Plaintiff William Nahhas ("Mr. Nahhas")[1] is a native and citizen of the country Jordan.

---

[1] The Court ordinarily refers to parties by their surnames alone, without courtesy titles. Adherence to this practice in this case would generate confusion as both Plaintiffs share the same surname due to their marriage. Consequently, the Court will refer to the Plaintiffs as Mr. Nahhas and Mrs. Nahhas.

1

He entered the United States legally on March 30, 1995. At the time, he was married to a woman of Jordanian extraction who was (and presumably is) a United States citizen. On April 15, 1997, Mr. Nahhas plead "no contest" to a misdemeanor in California arising from a domestic dispute with his wife.[2]

At some point, Mr. Nahhas and his wife divorced. The divorce likely occurred at some point prior to January 15, 1998, for on that date, the Immigration and Naturalization Service (INS) initiated proceedings against Mr. Nahhas by filing a Notice to Appear against him.

On August 26, 1998, Mr. Nahhas married the co-Plaintiff, Jesusa Escamillia Nahhas ("Mrs. Nahhas"). Mrs. Nahhas is a United States citizen of Mexican descent. During the first year of their marriage, Mrs. Nahhas filed a petition to have her husband classified as an immediate relative of a U.S. citizen under Section 201(b) of the Immigration and Nationality Act, 8 U.S.C. §1151(b)(2)(a)(i). Her petition was approved. As an immediate relative of a U.S. citizen, Mr. Nahhas would not be subject to the numerical visa limitations enumerated in 8 U.S.C. §1151(c)-(e).

After Mrs. Nahhas' petition was approved, Mr. Nahhas applied for an adjustment of status under two sections of the Immigration and Nationality Act: under Section 216(a), 8 U.S.C. § 1186a(a), which permits immigrant spouses of U.S. citizens to apply for conditional permanent residence status; and under Section 245(a), 8 U.S.C. §1255(a), which permits a

---

[2] The record is unclear as to which statute he violated. The Plaintiff represents that this was a "misdemeanor charge of assault." (Pl. Comp. at ¶8). In Immigration Judge Zerbe's disposition, he mentions a violation of California Penal Code Section 273.5. (Pl. Mot. Writ Mandamus, Ex.C, at 2) Although this statute declares that anyone found guilty of violating it "is guilty of a felony", Cal. Penal, §273.5(a), from the Plaintiffs' representation and Zerbe's discussion of the maximum punishment for misdemeanors in California (pl. Mot. Writ Mandamus, Ex. C, at 3), it appears that Mr. Nahhas plead guilty to a misdemeanor version of the named offense.

2

broader class of immigrants to apply for permanent resident status.

The applications for adjustment of status and for a permanent resident visa were presented to Defendant Craig Zerbe ("Zerbe"), an Immigration Judge. During the hearing on the applications, Zerbe apparently asked Mrs. Nahhas to speak Arabic. Zerbe allegedly "insisted that a Mexican woman who marries an Arabic man must be able to speak some Arabic." (Pl. Comp. at ¶12) Zerbe denied the application for adjustment of status for two alternative reasons. First, Zerbe found that the affidavit of support did not meet the minimum income requirements (125 percent of the poverty level) established in Section 213(a) of the Immigration and Nationality Act, 8 U.S.C. § 1183a(a). (Pl. Mot. Writ Mandamus, Ex. C, at 5.) Second, Zerbe found that the balance of factors did not favor granting Mr. Nahhas the adjustment of status. Zerbe based this determination on Nahhas' misdemeanor conviction and credibility concerns relating to the marriage, residence, and testimony of Mr. and Mrs. Nahhas. In addition to the language issue that Plaintiffs cite in their Complaint, Zerbe also noted varying reports about the Plaintiffs' residence at the time of the hearing: Plaintiffs' insurance receipts gave an address in Bellwood, Illinois; Plaintiffs' tax returns listed an address in Chicago, Illinois; Plaintiffs' bank receipts listed separate residences for each of them; and they each testified that they were living together in Alsip, Illinois.

Zerbe denied their applications and issued a removal order against Mr. Nahhas on October 22, 1999. Plaintiffs appealed that determination to the Board of Immigration Appeals ("BIA"). The BIA affirmed the judgment without opinion on October 30, 2002.

Plaintiffs filed this action on May 21, 2003 seeking declaratory and injunctive relief "from the decision of the Bureau of Citizenship and Immigration Services (BCIS) to deny their

applications for permanent resident visa and adjustment of status under §§201(b), 216(a), and 245(a) of the Immigration and Nationality Act.. Defendants now seek to dismiss the Complaint in its entirety based on a lack of jurisdiction pursuant to Rule 12(b)(1) and a failure to state a claim pursuant to Rule 12(b)(6).

## DISCUSSION

I. **Motion to Dismiss for lack of Jurisdiction under Rule 12(b)(1)**

Where the jurisdiction of the Court is under attack, it is with that issue that the Court must begin. For if the Court lacks jurisdiction to decide the matters in the Complaint, then it would similarly lack jurisdiction to determine whether the Complaint states a claim. The test for dismissal for want of jurisdiction "whether the cause of action alleged is so *patently without merit* as to justify . . . the court's dismissal for want of jurisdiction." Duke Power Co. v. Carolina Environmental Study Grp., 438 U.S. 59, 70 (1978) (quotations and citations omitted), cited in LaSalle Nat. Trust, N.A. v. ECM Motor Co., 76 F.3d 140, 143 (7th Cir. 1996). "[T]he way in which facts are handled under [Rule 12(b)(1)] differs significantly from the correct approach for purposes of Rule 12(b)(6)." LaSalle Nat. Trust, N.A. v. ECM Motor Co., 76 F.3d at 144. On motions for dismissal for want of jurisdiction under Rule 12(b)(1), the district court must determine whether the facts supporting jurisdiction exist. Id. ("In the 12(b)(1) case, the District Court is entitled to find jurisdictional facts itself."). The burden of proof rests with the party asserting jurisdiction, in this case, the Plaintiffs.

Defendants challenge the Court's jurisdiction solely as to Plaintiff Mr. Nahhas, who is only implicated in Count III of the Complaint. Mr. Nahhas asserts jurisdiction for his claim under the federal habeas corpus statute, 28 U.S.C. § 2241. All federal courts lack jurisdiction to

entertain challenges to three types of immigration decisions: the decision to (1) commence proceedings, (2) adjudicate cases, and (3) execute removal orders. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999). Additionally, district courts lack jurisdiction to review final removal orders such as the one Defendant Zerbe entered against Mr. Nahhas. See 8 U.S.C. § 1105(a); 8 U.S.C. §1252(a). The proper avenue for direct review of such an order would be through the Court of Appeal.

In response, the Plaintiff asserts that the district court continues to have habeas jurisdiction in cases "in which a true miscarriage of justice may be occurring." Gomez-Chavez v. Perryman, 308 F.3d 796, 800 (7th Cir. 2002). While there are certainly cases in which it would be appropriate to exercise habeas corpus jurisdiction to prevent a miscarriage of justice, this case, on the facts presented here, is not among them. The only fact in this case that begins to suggest a miscarriage of justice is the allegation that Defendant Zerbe based his judgment in part on Mrs. Nahhas' inability to speak Arabic to Zerbe's satisfaction. If that were the sole basis for his decision, the case for an exercise of habeas jurisdiction pursuant to the narrow miscarriage of justice exception would be much stronger. But Zerbe offered other valid reasons for his decision --- the failure to meet the level of financial support the statute requires, the criminal conviction, the inconsistencies relating to the Plaintiffs' residence --- so the miscarriage of justice exception does not apply.

Plaintiff Mr. Nahhas is now the subject of a deportation order and therefore is in an extremely regrettable position. But his position is no more lamentable than any other immigrant who is subject to a final removal order despite being married to a U.S. citizen. See Gipson v. INS, 284 F.3d 913 (8th Cir. 2002) (affirming denial of adjustment of status for a citizen's

spouse). The district court does not have jurisdiction to review the decision on Mr. Nahhas' application for adjustment of status. Consequently, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction must be granted with respect to Count III.

## II. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

Defendant seeks to dismiss Counts I and II of the Complaint for failure to state a claim. Count I of the Complaint asserts that Defendants violated Plaintiff Mrs. Nahhas' right to equal protection of the law. Count II asserts that Defendants violated Mrs. Nahhas' right to substantive due process of law. Both of these counts state a claim, if at all, as an implied cause of action to protect federal rights originally announced in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In evaluating a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. See Ameritech Corp. v. McCann, 297 F.3d 582, 585 (7th Cir. 2002). Motions to dismiss for failure to state a claim will only be granted if no set of facts exist that could support a judgment for the Plaintiff.

The scope of actions under Bivens is somewhat limited. Plaintiffs cannot sustain Bivens actions against federal agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Neither can plaintiffs sustain Bivens actions against supervisors for the unconstitutional acts of their subordinates. See Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003). Both of these limitations are derived from the purpose of Bivens actions, which is to provide an effective deterrent to unconstitutional conduct. See F.D.I.C. v. Meyer, 510 U.S. at 485 ("It must be remembered that the purpose of Bivens is to deter *the officer*."). Consequently, the Complaint

fails to state a claim against Defendant Tom Ridge and Defendant Donald Monica. Defendants' Motion to Dismiss for failure to state a claim must be granted as to those two Defendants.

The question with respect to Defendant Zerbe is much closer. Counts I and II of the Complaint allege that Defendant Zerbe violated Mrs. Nahhas' rights to equal protection of the law and substantive due process.[3] The substance of the equal protection allegation in Count I is that Defendant Zerbe subjected Mrs. Nahhas to unconstitutional requirements based on her race (Hispanic) and national origin (Mexican) during the hearing on Mr. Nahhas' adjustment of status application. The Equal Protection Clause of the Fourteenth Amendment prohibits discriminatory treatment on the basis of race and sex, and to a lesser degree, status. The allegations in Count I of Plaintiff's Complaint do state a claim against Defendant Zerbe. As the result of this alleged discrimination was the denial of Mr. Nahhas' adjustment of status applications, the nature of Mrs. Nahhas' damages is uncertain at this point. The uncertain amount and nature of damages, however, is not sufficient to grant a motion to dismiss for failure to state a claim.

Count II seeks to assert a substantive due process claim against Defendant Zerbe. The substance of the allegations in Count II is that Defendant Zerbe infringed Mrs. Nahhas' fundamental right to marriage through the scrutiny he applied to her marriage to Mr. Nahhas. The Supreme Court has recognized that marriage is "one of the basic civil rights." Skinner v. Oklahoma ex. rel. Williamson, 316 U.S. 535, 541 (1942). In the context of marriage between a citizen and a non-citizen, however, the right is not absolute. Although the concept of marrying a citizen to gain residence in the United States might have taken hold in the popular imagination, the actual process of becoming a permanent resident through marriage is somewhat complex.

---

[3]Peculiarly, the Complaint does not allege that these same actions violated Plaintiff Mr. Nahhas' right to substantive due process and equal protection under the laws.

7

Proof that the marriage was valid under state law is only the beginning of the inquiry. "The INS has the responsibility to ensure that the marriage is not a sham perpetrated to work a fraud on the immigration system. See Egan [v. Weiss], 119 F.3d [106,] at 107 [(2d Cir. 1997)]." Gipson v. I.N.S., 284 F.3d 913, 916 (8th Cir. 2002). Inquiring into the validity of marriage during an immigration proceeding, therefore, is not grounds for a claim that the inquiry violated substantive due process rights under the U.S. Constitution. Consequently, Count II of the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

The Court recognizes that the conclusion it reaches on the Defendants' Motion to Dismiss may appear contradictory on the surface. If Defendant Zerbe is permitted to inquire into the validity of the Plaintiffs' marriage, the argument goes, then he should also be permitted to take the Plaintiffs' race and national origin into consideration as part of the inquiry. Defendant Zerbe is entitled to consider the Plaintiffs' race and national origin, but what he cannot do is render a judgment solely on that basis. See Grutter v. Bollinger, 123 S. Ct. 2325 (2003). The Plaintiffs' complaint alleges that his decision was based exclusively on their race and national origin. Consequently, it states a claim upon which relief can be granted.

The most serious question that remains about this complaint is whether Defendant Zerbe is protected by any of the immunity doctrines. The parties are ordered to submit simultaneous briefs on the issue of Defendant Zerbe's immunity (or lack thereof) within twenty-one days.

8

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss for lack of jurisdiction is granted as to Count III; Defendants' Motion to Dismiss for failure to state a claim is granted as to Count II but denied as to Count I. The parties are ordered to submit simultaneous briefs on the issue of whether Defendant Zerbe is protected from suit by an immunity doctrine by December 16, 2003.

**Enter:**

David H. Coar
**United States District Judge**

**Dated: November 25, 2003**